T.C. Memo. 2011-146

UNITED STATES TAX COURT

MICHAEL K. AND RACHEL H. BYRD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12885-09L.                     Filed June 27, 2011.

Michael K. and Rachel H. Byrd, pro sese.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action Under Section 6320 and/or 6330 (notice of determination).[1]
The issues for decision are:  (1) Whether respondent abused his

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

discretion in determining the propriety of the lien and levy for purposes of collecting petitioners' outstanding 2007 tax liability and (2) whether petitioners are liable for a penalty under section 6673.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Tennessee.

On August 28, 2008, petitioners filed a joint Federal income tax return for 2007,[2] in which they reported a tax liability of $12,466, total withholding payments of $1,793, and an estimated tax addition to tax of $477. On September 29, 2008, the Internal Revenue Service (IRS) assessed petitioners' self-reported income tax liability, the estimated tax addition to tax under section 6654, and the currently due failure to pay addition to tax of $320.19 under section 6651(a)(2) and credited the withholding payments. On the same date, the IRS also issued petitioners a statutory notice of balance due on their account. On October 6, 2008, the IRS applied a $1,200 refundable credit against petitioners' outstanding 2007 tax liability and issued petitioners a statutory notice of balance due on the account.

---

[2]Because of extensions, petitioners' 2007 return was due Oct. 15, 2008.

Petitioners made no payments on their outstanding 2007 tax liability after filing their return.

On November 12, 2008, respondent sent to petitioners a Letter 1058A, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to petitioners' 2007 unpaid tax liability. By letter dated November 14, 2008, petitioners timely requested a collection due process (CDP) hearing for the levy. On December 8, 2008, respondent filed a notice of Federal tax lien for the 2007 tax year. On December 9, 2008, respondent sent to petitioners a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320, for petitioners' 2007 income tax liability. By letter dated December 18, 2008, petitioners timely requested a CDP hearing for the lien. In their CDP hearing requests petitioners made various arguments, including: (1) "No valid notices of the levies have been properly served on the taxpayer(s)"; (2) the Secretary did not provide petitioners with proper notice following the seizure of property; (3) a substantial portion of the alleged tax due was outside the period of limitations for collection; (4) the IRS did not timely assess the taxes, and no "timely notices of deficiencies were sent to the taxpayer"; (5) petitioners were not notified within 60 days of the tax assessment; and (6) "that there are no 4340 Form assessments for tax years [sic] 2007 for said taxpayer which make up the entire balance due and which are

the basis of the levies and liens." Petitioners also alleged that respondent violated their due process rights under the Fifth Amendment and that "the IRS may be attempting a tax collection scheme, including tax assessments without Forms 4340, and the IRS may have to falsify and backdate documents against current taxpayer." Petitioners' CDP hearing requests also threatened suit against a revenue officer, claimed respondent falsified documents, and claimed that the lien was "illegal" and "bogus".

Petitioners' CDP hearing requests contain no specific allegations regarding the incorrectness of the amount of the underlying liability. By letter dated March 9, 2009, the settlement officer requested that petitioners provide a Form 1040X, Amended U.S. Individual Income Tax Return, regarding any disputes they had with their 2007 tax liability, as well as a completed collection information statement. Enclosed with the letter was a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, covering the assessment of petitioners' liability for 2007. In their responses to the settlement officer, petitioners did not provide a Form 1040X or a completed collection information statement. Furthermore, in their responses, petitioners made no specific claims regarding any adjustments to their self-reported liability and did not provide any documents to substantiate any changes to it. Petitioners

were also asked to provide proof of estimated tax payments for the 2008 tax year, which they failed to provide.

The only responses petitioners made to the settlement officer's requests were that the Form 4340 was invalid, a notice of deficiency was required in order to file a lien, the notice of lien was "improperly placed", and the statutory notice and demand for payment was required to be made by certified or registered mail.

On May 6, 2009, respondent's Appeals Office sent to petitioners a notice of determination in which it determined that the levy could go forward because petitioners had failed to provide the requested financial information and become current on their deposit requirements for consideration of collection alternatives. The notice further sustained the filing of the notice of Federal tax lien, which was filed on December 8, 2008. On May 27, 2009, petitioners timely filed their petition with this Court.

Respondent filed an amendment to answer requesting that the Court impose a penalty against petitioners under section 6673.

## Discussion

The Tax Court has jurisdiction to review the Appeals Office's determination to sustain the lien and proposed levy to collect petitioners' unpaid 2007 income tax liability. See sec. 6330(d)(1). Where the existence and amount of the underlying tax

liability is not properly at issue, we review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioners timely filed their 2007 return, and respondent assessed the liability petitioners reported. The Appeals Officer requested that petitioners provide an amended return for 2007 regarding any disputes they had with the underlying liability. Petitioners never filed an amended return and have not specifically identified any adjustments to be made or provided any documents regarding changes to their underlying liability. Therefore, the underlying liability is not properly at issue, and we will review the Appeals officer's determination for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

I. Abuse of Discretion

The determination of an Appeals officer must take into consideration: (1) The verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); Lunsford v. Commissioner, supra at 184.

Respondent's Appeals officer reviewed petitioners' 2007 return, transcripts, and the information provided by petitioners to respondent. The Appeals officer also requested and received a Form 4340 for 2007. On the basis of that review, the Appeals officer determined that the requirements of applicable law and administrative procedures have been met, and the actions taken were appropriate.

Throughout the administrative process petitioners did not specifically contest the amount of the underlying liability or raise any collection alternatives. Instead, petitioners made unfounded assertions regarding respondent's procedures and inaccurate statements of the law.

Petitioners failed to offer any collection alternative and made wholly unsupported arguments regarding the assessment and collection of their 2007 tax liability. We find that the settlement officer's determination that the tax lien should not be withdrawn and that the lien and levy are no more intrusive than necessary was appropriate given a consideration of the circumstances.

On the basis of the foregoing, we hold that the Appeals officer did not abuse his discretion in upholding both the lien and the levy.

## II.  Section 6673 Penalty

Respondent requests that we impose on petitioners a penalty pursuant to section 6673.  Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears to the Court that the taxpayer instituted or maintained proceedings primarily for delay, or that the taxpayer's position in the proceeding is frivolous or groundless.  Section 6673(a)(1) applies to collection due process proceedings.  Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000); Hoffman v. Commissioner, T.C. Memo. 2000-198.  In the amendment to answer and on brief, respondent contends that petitioners instituted this proceeding primarily for delay and that petitioners' position is frivolous.  Consequently, respondent requests that the Court impose a penalty on petitioners.  A taxpayer's position is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Williams v. Commissioner, 114 T.C. 136, 144 (2000); see Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

On the basis of the record before us, we find that petitioners' arguments are frivolous.  For example, in their petition, petitioners claim that they did not receive appropriate written notice before respondent issued the notice of intent to levy.  However, the record indicates that respondent issued two

notices of balance due and sent them to petitioners' correct mailing address at least 10 days before the issuance of the notice of intent to levy, as required under section 6331. Petitioners also claim that the "IRS has not followed their required procedures concerning income tax collection involving [the] Notice of Deficiency" before filing the notice of lien/levy, even though the assessment is based solely on their self-reported liability.  Furthermore, petitioners have made a completely unfounded claim that respondent has disregarded their Fifth Amendment "due process rights".  Petitioners have offered no support for this baseless claim and have threatened to file suit against a revenue officer personally for her purported interference with their aforementioned due process rights.  We find that petitioners advanced frivolous arguments primarily for the purpose of delay, thereby causing this Court to waste its limited resources.  Therefore, pursuant to section 6673(a)(1) we will require petitioners to pay to the United States a penalty of $2,000.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.[3]  Accordingly, we sustain

---

[3]The parties were ordered to file briefs.  Petitioners did not comply with our order.

respondent's determination with respect to petitioners' 2007 taxable year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.